STATE ex rel., etc., v. CHARLES E. SMITH.

1. CHARITABLE DEVISE. Corporation. Misnomer of. Effect upon gift. The misnomer of a corporation to which a charitable devise is made will not defeat the gift, and, therefore, a devise of land and money to the trustees of the free schools of Shelby county, and their successors in office forever, for the purpose of erecting a college of learning on the land, will go, there being no such trustees, to the directors of the first school district of Shelby county, being the district in which

the testator lived, and the land was situated, who were manifestly intended by the description.

2. DEVISE. *Lands to wife for life. Then for charity. Dissent from will by widow. To whose benefit it enures.* Where a testator devises land to his wife for life, and then to trustees for a charitable purpose, and the widow dissents from the will, the dissent enures to the benefit of the trust by accelerating the time of enjoyment.

3. SAME. *Residuary, to county judge. In whom the property vests.* A residuary devise and bequest to the chairman or judge of the county court of Shelby county, the money derived therefrom to be loaned out on interest and the annual interest applied to the education of the poor and orphan white children of the first district of that county, the donation to be perpetual in the hands of the county court as above specified, will vest the property in the chairman or judge and his court, and not in the quarterly county court.

4. CHARITABLE FUNDS. *Chancery court. Jurisdiction of, over. Management of the trust. Bond for.* Charitable trusts are subject to the control of the chancery court, upon a bill filed by the district attorney-general, in the name of the State, at the suit of relators, and the court may require the trustees to give bond with security for the management and disbursement of the trust assets, and should require the trustees to make full settlements at least once a year, to be entered on the minutes of the court.

5. SAME. *Erection of college with. Location of, etc. Reference to clerk and master concerning.* The court may refer it to the master to take proof and report upon the location of a college to be erected with charitable funds, to obtain plans and estimates for the improvements, and report a scheme for conducting the institution.

---

FROM SHELBY.

---

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

G. P. M. TURNER, WRIGHT & FOLKES and B. J. KIMBROUGH for complainant.

R. D. JORDAN for defendant.

The State *v.* Smith.

COOPER, J., delivered the opinion of the court.

Bill in the name of the State, by the district attorney-general, on the relation of the three public school directors of the first civil district of Shelby county, and of Lavinia A. Cannon, the widow of Wade H. Bolton, deceased, against Charles E. Smith, as chairman of the county court of Shelby county, for a construction of certain clauses of the will of Wade H. Bolton containing, charitable devises and bequests, and for the settlement of a plan for carrying out the testator's wishes. Both parties have appealed from the chancellor's decree.

By the second item of his will, the testator gave to Lavinia Ann Bolton, now Cannon, his wife, "a lifetime dower in three hundred acres of land on his homestead, Hoboken plantation, in Shelby county, Tennessee." The widow dissented from the will, and received dower in his realty, including about seven hundred acres of the Hoboken plantation, and a distributive share of the personalty. She also bought a part of the remainder of that plantation under a sale made by the executor of Bolton's will, by virtue of its thirteenth item. That item and the two following constitute the part of the will sought to be construed. They are as follows:

Thirteenth. I hereby instruct my executor, if he thinks best, to sell all my real estate in Tennessee or any other State, everywhere, together with my Hoboken farm, where I reside, reserving the dower of three hundred acres given my wife her lifetime.

Fourteenth. I hereby give and bequeath, after the death of my wife, the three hundred acres of land reserved in the thirteenth clause of this will, to the trustees of the free schools of Shelby county, Tennessee, and their successors in office forever, for the purpose of erecting a college of learning on the same, and hereby give and donate $10,000 for the purpose of erecting and building a college of learning on the same, to be called Bolton college.

Fifteenth. I give and bequeath the residue and remainder of my estate that is not otherwise donated, if any there be, to be paid over to the chairman or judge of the county court of Shelby county, Tennessee, and their successors in office, to be loaned out on interest perpetually, and to applicants on bond and security to be given, and the interest accruing annually to be applied for the education of the poor and orphan white children in the first district of Shelby county, Tennessee, in the college of learning ordered to be erected in the fourteenth clause. This donation shall be perpetual in the hands of the county court, as above specified.

The devise of the three hundred acres of land is to the trustees of the free schools of Shelby county, and their successors in office. There are no such trustees, nor any schools designated by law as free schools. But for many years we have had in this State a system of public schools, where the tuition is free, the teachers being paid out of a fund created for the purpose, and paid by the State or county, or by both. These schools are located in school districts,

which usually correspond with the county districts, and are under the control of three directors elected in each district. These school districts are public institutions in the nature of a municipal, or *quasi* municipal, corporation, created as arms of the government for a specific purpose, and having a perpetual succession through the citizens as corporators, and the directors as officers. They may contract and be contracted with, sue and be sued, and take, hold and convey property: New Code, sec. 1197. In common parlance, the schools are spoken of as free schools as well as public schools, and the officers have sometimes been designated by law as commissioners, and are sometimes called trustees. And although they have no power co-extensive with the limits of the county, they and their schools are "of the county" in which the district is located, and may be so designated in common parlance. And there can be no doubt that the testator in the devise under consideration intended the gift to be to the directors of the public schools of the first district of Shelby county, in which district he resided, and the land given lay. A misnomer of a corporation in a grant, like a similar misnomer of an individual, is not fatal, nor does it destroy or defeat the same, nor prevent a recovery upon it by the corporation in its true name: *Bank* v. *Burke*, 1 Cold., 623; *Trustees* v. *Reneau*, 2 Swan, 94; Mor. on Corp., secs. 181, 182. The directors of the first school district, in their corporate capacity, are entitled to the land devised, and the fund bequeathed for the erection of a college thereon, and of the income to be derived from

the residuary devise under the fifteenth clause of the will, to be used for the purposes specified in the will. All of these purposes are charitable, and the property and funds may be received by the corporation of the school district for the purposes specified, because those purposes are germane to the objects of the corporation: *Daniel* v. *Fain*, 5 Lea, 319; *Bell County* v. *Alexander*, 22 Texas, 350; *McDonough* v. *Murdock*, 15 How., 367; *Vidal* v. *Girard*, 2 How., 26.

In the case of *Cannon* v. *Apperson*, 14 Lea, 553, after the remand to the chancery court, a decree was rendered, upon a compromise with Apperson, by which a large amount of real estate, money, notes and personalty was vested in the defendant, C. E. Smith, as chairman of the county court of Shelby county, and his successors in office, including all of the testator's Hoboken or home place, except about two hundred acres sold by the executor to Lavinia A. Cannon, the testator's widow, seven hundred acres of the place being subject to the widow's dower. The dissent of the widow from the testator's will operated to accelerate the devise of the three hundred acres to the school directors, and gave them the right to the immediate possession of the three hundred acres, so far as it might not be included in the widow's dower: *Robinson* v. *Robinson*, 2 Tenn. Ch., 11; *Armstrong* v. *Park*, 9 Hum., 195. The executor was authorized to sell the home place, except the three hundred acres devised to the wife and the school directors, but he seems to have sold only two hundred acres to the widow. The residue of the farm, subject to the widow's dower, has

fallen into the residuum of the estate. The three hundred acres devised to the school directors may be set apart at once, and be used for the purpose intended. It seems, however, that the land not sold to the widow or covered by her dower lies in the edge of the district, and does not furnish the best location for the proposed college, which should be nearer the center of the district, and in an accessible locality. To obviate any difficulty on this subject, the widow, who is one of the relators, proposes in the bill that the college may be located on the most suitable part of the land, and that she will take dower in other lands in lieu thereof. She makes this proposition in order that the charitable purpose of her late husband may be speedily carried out. There can be no objection to the acceptance of the offer, if necessary, the whole of the land being subject to the trust after the termination of the dower estate, and under the control of the court.

The residuary devise and bequest are "to the chairman or judge of the county court of Shelby county, and their successors in office," to be loaned out on interest, the interest accruing annually to be applied for the education of the poor and orphan white children in the first district of Shelby county. "This donation," it is added, "shall be perpetual in the hands of the county court, as above specified." The grant is plainly to the chairman or judge of the county court, and his successors in office, and the words at the end of the item do not in terms change the gift. The "county court as above specified" is the county court previously mentioned. For many years, there has been

a court in this State held by the chairman or judge of the county court, and exercising a defined jurisdiction independent of, and separate and distinct from, that of the quarterly court. There can be no doubt that the gift of the testator was in trust to this branch of the court, and not to the county court composed of all the justices. The latter court has nothing to do with the trust.

It is the duty of the chairman, as trustee, to turn the property received from Apperson into money as soon as it can be done with safety, and to loan the money as directed. The chancellor was scarcely justified in saying that the county might, as a matter of course, take the entire fund, and pay interest on it. But we can see no objection to a loan of the fund, or any part of it, to the county, upon proper security, if the county is authorized by the Legislature to borrow money, and issue proper obligations for the payment of the principal and interest annually. The interest annually accruing should be paid to the directors of the public schools of the first district, if they are acting as trustees for the disbursement of the fund, or to such persons as may be clothed with this power. There can be no doubt that this charitable fund was i    a condition demanding the interposition of the chancery court, under the provisions of the Code, to take charge of, and administer it. The court may appoint other trustees upon good cause: *Vidal* v. *Girard*, 2 How., 126, 188. The chancellor should, undoubtedly, require the chairman of the county court and the school directors, or other persons appointed to administer the

trust, to give bond with good security, in a sufficient penalty, to secure the funds, and their proper management and disbursement. And these parties should be required, at least once a year, and oftener if found advisable, to make a full and complete report of all their acts and accounts, which should be spread on the minutes. Trustees are entitled to reasonable compensation for their servies, including necessary counsel fees.

The chancellor has left to the school directors the location of the proposed college, the selection of the plans of the building or buildings, and the letting of the work. We think it more judicious to refer these matters to the master to take proof and report upon the location, and to obtain plans for the improvements, with estimates of the probable cost; and also to report a scheme for the conduct of the college. The court can then act intelligently, and give directions for the guidance of the directors, or other persons employed to superintend the work.

With the modifications suggested by this opinion, the chancellor's decree will be affirmed. The costs of this court will be paid by the appellants equally, who will be reimbursed out of the trust funds. And the cause will be remanded to the chancery court for further proceedings.